Pearson, J.
 

 This was an action in case upon a promissory note. Hogg and Lindsay assigned the note sued on to the plaintiff, after maturity. The defendant relied on an account against Hogg and Lindsay, which he held at the date of the assignment, as a set off. The plaintiff opposed this set off by proof, that, at the time of the assignment, Hogg and Lindsay, besides the note, held an account against the defendant, of an amount greater than his account.
 

 
 *506
 
 It was decided in the Court below, that this proof defeated the set off. After a verdict and judgment against him, the defendants appealed.
 

 "We think there is no error.
 

 At common law. if a bill of exchange was assigned be ■fore maturity, the assignee took it subject only to endorsed credits ; if, after maturity, he took if. subject to any legal defence, that might have been made to it, in the hand* of the assignor, at the date of the assignment ; for it was dishonored, and the assignor was not’allowed to evade the defence by-transferring it to a.third person. The Statute of Ann puts promissory notes, and our statute notes undersea Í, on the same footing with bills of exchange.' In the mean time the statute in regard to set offs created a new legal defence ; and the question was presented •whether this new defence existing against the assignor at the time of the assignment, was available
 
 against
 
 the assignee ?
 

 It is settled in England, after much hesitation,
 
 Burrough
 
 v.
 
 Moss,
 
 10 B. & C. 558, that this new defence is not available, and that the suit of the assignee can only ba met by a defence, existing against the assignor at the date of the assignment, which was
 
 connected
 
 with the bill, as a payment; but that a set off of a debt against the assignor, being a thing collateral and unconnected with the bill, is not a defence at Jaw, although the bill was assigned after maturity', because the words of the statute embrace only a mutual debt, which the defendant holds against the plaintiff, and does not extend,to a debt, which he holds against the plaintiff’s assignor.
 

 It is settled in this State, that this new defence is available, and that the principle of the common law applies, so as to bring it within the
 
 meaning
 
 of the statute of set offs.
 
 Haywood
 
 v.
 
 McNair,
 
 3 Dev. 231, 2 Dev. & Bat. 283.
 

 It is unjust te attempt to evade a defence by making a transfer of a bill or note after maturity, and the principle
 
 *507
 
 applies as forcibly to a defence given by statute, as to one existing at common law To allow any defence to be thus evaded, would be a violation of the maxim, “no man shall take advantage of his own wrong,” which is as fully recognised in Courts of Law as in Equity. It is true the set off is not
 
 connected
 
 with the bill or note, and is collateral and may or may not be pleaded, as the defendant chooses ; but what right has the holder to deprive him of this election ? and is not a liberal construction of the statute to be adopted, when it is necessary to prevent an evasion of its enactments and a manifest wrong ?
 

 It seems to us, our Court has taken the true view of the subject, and that the English Judges have fallen into the error,
 
 ‘haeret in litera,.haeret in cortice.”
 
 Indeed, their decisions are not reconcileable. When a factor sells goods wiihout disclosing his principal, in an action by the principal, the purchaser may make any defence that he could have made, if sued by the factor. He may'plead, asa
 
 setoff
 
 to the action of the principal, a
 
 debt due by the factor.
 
 “The principle is, the purchaser shall not be defrauded of a legal defence, by the introduction of a third person, to whom he is a stranger.”
 
 George
 
 v.
 
 Clagett,
 
 7 T. Rep. 355. Barrington on set off,
 
 44.
 
 This isa departure from the words of the statute, to prevent evasion and injustice, and the reasoning would seem to call for it with as much force, so as to allow, as a set off to the action of the assignee after maturity, a debt due by the ar-signo-. It is true the English'cases take a distinction between mutual
 
 credits
 
 and mutual
 
 debts.
 
 The di tinctim is not substantial, when both debts are at maturit)-, and nothing remains to be due, but to-make the application of one in satisfaction of the other. If a departure from thé words of the statute is ju t'fied in the former cas»’,it must be so in the latter, where transfer is made after ma^rity to evade a leja'l defence-'
 

 
 *508
 
 Be this as it may, it is settled in this State, that a debt due by the assignor at the date of the assignment may be pleaded, as a set off to the action by the assignee after maturity ; and this departure from the words of the statute is put on the ground, that a liberal construction is made necessary to prevent evasion and injustice. And the question presented in the case under consideration, is, whether this necessity is not met and removed by proof, that, at the date of the assignment, the assignors had an account ? We think this fact removes the ground for making a departure from the words of the statute, because the reason ceases. The assignors did no wrong, for they had an account, to which the set off might be applied and there was, consequently, no attempt to evade a legal defenee
 

 But it is said, the defendant is deprived of his right to apply his set off to the note or the account, as he might elect. This is true, but his legal defence is not evaded ; and at most he loses only the right of making a capricious application of his debt as a set off, supposing him to have it. No injustice is done, for it can make no difference to him, whether he pays the note or applies his ac* count, as a setoff to the account of the assignors, or applies his set off to the note and pays the account. There is i o evasion of his legal defence and no injustice done to him, by refusing to allow his set off to the note, or the contrary. The negociability of the note is not unnecessarily trammelled, by which means the assignors are enabled to raise by a transfer the money, which he ought to have paid, and the policy of the statute, which seeks to avoid a multiplicity of actions, in subserved ; for, if the set ofTis allowed, the assignee must sue the assignors, and they most sue the defendant, making two additional ac* tions necessary, instead of one. The defendant’s right to apply his debt to the note, or to hold it back for the account, if the suit was in the name of the assignors, is
 
 *509
 
 assumed, but, as above remarked, it would be a capricious application, and he can take no benefit from it, if the assignors chose to include both causes of action in the same declaration.
 

 Upon the same reasoning, it is held in the English cases of a sale by ¡a factor, that, if, before all the goods are delivered, the purchaser has notice, of the principal, then his set off of a debt due by the factor will hot avail, for the reason ceases; and he has no right to complain, that he is defrauded of a legal defence. “Justice is on the other sideand there is in such cases no goundto depart from the words of the statute. Babington on set off, 45, and the cases there cited.
 

 Pee Cueiam. Judgment affirmed.